IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR MATTHEWS,              : | |
|     Plaintiff                    : | |
|       v.                                  : | Case No. 3:23-cv-147-KAP |
| SERGEANT GOOD, *et al.*,    : | |
|     Defendants              : | |

### Memorandum Order

Plaintiff Jamar Matthews is an inmate at S.C.I. Laurel Highlands, the Pennsylvania Department of Corrections medical facility. In July 2023 Matthews filed a civil complaint at Matthews v. Good, Case No. 3:23-cv-147-KAP (W.D.Pa.) that was administratively closed because the motion to proceed *in forma pauperis* did not include the inmate account statement required by the Prison Litigation Reform Act. That problem was corrected by September 2023 and the Complaint was filed at ECF no. 13; later in the same month Matthews filed an Amended Complaint, ECF no. 17, and a motion for appointment of counsel, ECF no. 15. Since then Matthews has filed a document that has been docketed as an exhibit to the Amended Complaint, ECF no. 26, and several motions for service, ECF no. 35, ECF no. 36, ECF no. 37, and one styled as Motion for Screening Order, ECF no. 39.

Matthews' original complaint was in excess of 70 pages long and included two other complaints as exhibits. When the Amended Complaint was filed in September 2023 it became clear that these were intended as separate complaints, and they were opened as Matthews v. Witt, Case No. 3:23-cv-202-KAP (W.D.Pa.) and Matthews v. Fraley, Case No. 3:23-cv-203-KAP (W.D.Pa.).

The Amended Complaint in Matthews v. Good, Case No. 3:23-cv-147-KAP (W.D.Pa.) names four defendants – Sergeant Good, Lieutenant Hutosky, Superintendent Hainsworth, and the Chief Inmate Appeals Officer – and deals with one controversy, the alleged theft, loss, or destruction of Matthews' sneakers when they were shipped home in April 2023.

Matthews has also filed a motion to file another amended complaint at ECF no. 38 in Matthews v. Good, Case No. 3:23-cv-147-KAP (W.D.Pa.). The motion explains generally what Matthews wants to do (add as defendants Dr. Dancha and all "Providers/Medical Personnel" related to a claim that Matthews is improperly being denied access to various programs or services) and has exhibits attached "as a guide," but Matthews did not attach an actual proposed amended complaint.

The motions for service and for a screening order are denied as unnecessary. The

1

motion for counsel is denied because Local Civil Rule 10 does not in the absence of extraordinary circumstances that are not present here provide for the appointment of counsel until a case is trial-ready. The motion to amend the complaint again is denied for two reasons: (1) no draft amended complaint is included, and litigants cannot amend their complaints in piecemeal fashion: because the Court and parties cannot be expected to sift through the entire docket to learn what the plaintiff's claims are, the practice is to have one complete complaint at any one time that contains all of the plaintiff's claims and exhibits; and (2) to the extent that the motion makes the amendment clear, it is not a proper amendment because Rule 20 permits joinder of related claims and the only common element in the original and amended complaints is the identity of the plaintiff (this does not mean the claim cannot be brought, only that it must like Matthews' other claims be brought in a separate complaint).

The Marshal shall serve the Amended Complaint, ECF no. 17 in <u>Matthews v. Good</u>, Case No. 3:23-cv-147-KAP (W.D.Pa.) on defendants Sergeant Good, Lieutenant Hutosky, Superintendent Hainsworth, and the Chief Inmate Appeals Officer, at the direction of the plaintiff (the Marshal shall send waiver of service forms first). Since the plaintiff is proceeding *in forma pauperis*, costs of service will be advanced by the United States.

DATE: July 30, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Jamar Matthews MB-2588
S.C.I. Laurel Highlands
5706 Glades Pike
Somerset, PA 15501