IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAR MATTHEWS,             :
      Plaintiff         :
  v.                          : Case No. 3:23-cv-147-KAP
SERGEANT GOOD, *et al.*,    :
      Defendants        :

<u>Memorandum Order</u>

    I am required to review complaints like the one in this case as soon as practicable after docketing. For the reasons below, upon review the complaint is dismissed for failure to state a claim, without leave to amend. The Clerk shall mark this matter closed. The most recent unnecessary motion for service, at ECF no. 45, is denied.

    Plaintiff Jamar Matthews is an inmate at S.C.I. Laurel Highlands, the Pennsylvania Department of Corrections' medical facility. In July 2023, Matthews filed a civil complaint at <u>Matthews v. Good</u>, Case No. 3:23-cv-147-KAP (W.D.Pa.) that was administratively closed because the motion to proceed *in forma pauperis* did not include the inmate account statement required by the Prison Litigation Reform Act. That problem was corrected by September 2023 and the Complaint was filed at ECF no. 13; later in the same month Matthews filed an Amended Complaint, ECF no. 17, and a motion for appointment of counsel, ECF no. 15. Since then Matthews has filed a document that has been docketed as an exhibit to the Amended Complaint, ECF no. 26, and several motions for service, ECF no. 35, ECF no. 36, ECF no. 37, ECF no. 45, and one styled as Motion for Screening Order, ECF no. 39.

    Matthews' original complaint was in excess of 70 pages long and included two other complaints as exhibits. When the Amended Complaint was filed in September 2023 it became clear that these were intended as separate complaints, and they were opened as <u>Matthews v. Witt</u>, Case No. 3:23-cv-202-KAP (W.D.Pa.) and <u>Matthews v. Fraley</u>, Case No. 3:23-cv-203-KAP (W.D.Pa.). After service of the complaint this became a consent case. The other two matters are pending.

    The Amended Complaint in <u>Matthews v. Good</u>, Case No. 3:23-cv-147-KAP (W.D.Pa.) names four defendants – Sergeant Good, Lieutenant Hutosky, Superintendent Hainsworth, and the Chief Inmate Appeals Officer – and deals with one controversy, the alleged theft, loss, or destruction of Matthews' sneakers by Sergeant Good when they were shipped home in April 2023. ECF no. 17. The other three defendants are named because they failed to prevent Good from destroying the sneakers or failed to provide Matthews with a remedy when Matthews sought one in the grievance system. The shoes have an alleged value of $65. Matthews seeks that $65, plus $300,000 in compensatory

1

damages for his emotional distress and tens of thousands of dollars in punitive damages to ensure "issues of this nature" do not happen again.

Because plaintiff is an inmate proceeding *in forma pauperis* and the defendants are governmental entities or employees, the complaint is subject to screening in accordance with the Prison Litigation Reform Act as codified at 28 U.S.C.§ 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Fed.R.Civ.P. 8(a) requires any complaint to be a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, a plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." *Id.*, 556 U.S. at 683, *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Matthews must in a nonconclusory way allege facts that permit the inference that each defendant he names caused the harm he alleges, both because Rule 8 requires that in every case and because the evaluation of each defendant's qualified immunity must be conducted based on the facts alleged against that individual. *See* Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). *See also* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005); Chavarriaga v. New Jersey Department of Corrections, 806 F.3d 210, 222 (3d Cir. 2015).

In Hudson v. Palmer, 468 U.S. 517, 533 (1984), the Supreme Court stated:

> [W]e hold that **an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available**. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy. (footnote omitted and my emphasis added).

The Pennsylvania Department of Corrections' administrative grievance system, which Matthews used and only challenges after he failed to prevail, has been held to be an adequate postdeprivation remedy for claims like plaintiff's alleging intentionally taken property, even when the plaintiff alleges that the defendants have not adhered to their own procedures. Monroe v. Beard, 536 F.3d 198, 210 (3d Cir.2008). Pennsylvania provides a second postdeprivation remedy in state court for personal property which is lost or improperly destroyed, because Pennsylvania has waived sovereign immunity for such claims. 42 Pa.C.S.§ 8522(b)(3). See Marsh v. Ladd, 2004 WL 2457730, *3 (E.D.Pa.2004). Pennsylvania's tort remedy is superior in at least one respect to proceeding in federal court because to prevail on a claim under Section 1983 a plaintiff would have to prove the personal responsibility of the individual defendants, a more difficult task than proceeding under state negligence law. Even if a plaintiff has no desire to bring a state law claim or proceed in state court, the existence of an adequate state law remedy means that there is no federal constitutional violation.

Matthews' conclusory statements on "information and belief" that his prison has a policy or procedure to deny reimbursement, ECF no. 17 at ¶7, and that the Department of Corrections' postdeprivation remedy is "irrelevant," ECF no. 17 at ¶36, are insufficient to allege facts **demonstrating** (that is permitting a plausible inference) that those remedies were not meaningful. See Fullman v. Kistler, 617 Fed.Appx. 124, 127 (3d Cir. 2015). That Matthews failed to obtain compensation – and that is all Matthews' allegations permit one to conclude - is not enough to show the remedial system is inadequate because lack of success does not permit such an inference. While Rule 8 does not require detailed factual allegations, it demands more than an unadorned claim of harm, or formulaic recitation (such as Matthews' claims made on information and belief) that the remedy is inadequate without further factual enhancement. See Ashcroft v. Iqbal, *supra*, 556 U.S. at 678. I do not need to reach the question whether Matthews is estopped from challenging the adequacy of the administrative remedy once he resorted to it.

A second reason would mandate dismissal (unlike the foregoing, this second reason would only cause dismissal without prejudice) even if there were no administrative

remedy: plaintiff's claim is trivial. Even before passage of the PLRA, the grant of *in forma pauperis* status was conditioned on the litigation not being frivolous or malicious in order "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." Deutsch v. United States, 67 F.3d 1080, 1087 (3d Cir. 1995). As the Court of Appeals held, dismissing Deutsch's FTCA claim over a $4.20 property claim, the public simply should not be paying for an indigent litigant to pursue in federal court a claim that the paying litigant is practically barred from pursuing. *Id.*, 67 F.3d at 1092.

After passage of the PLRA, courts have even more power, not less, to scrutinize the merit of a complaint, and whether any viable claim is *de minimis* is one among many factors a district court may consider to determine whether a claim is frivolous. Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004)(extrapolating from Deutsch to affirm dismissal of a claim over a lost $25 sweatsuit; complaint not saved by a $4000 punitive damages claim).

No rational litigant would pay $402 upfront, plus service costs and other litigation expenses, to bring a federal lawsuit over a $65 pair of sneakers. The claims that Matthews makes to inflate his damages are claims that are frivolous (*i.e.*, Matthews' claim that he suffered emotional distress over the destruction of the sneakers Matthews intended to be shipped home) or legally meritless (*i.e.* Matthews' claims for punitive damages and injunctive relief "to prevent this from happening again"). In particular, the PLRA limits relief other than compensatory damages to relief that extends "no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiff." 18 U.S.C.§ 3626(a)(1).

If the PLRA did not exist, ordinary standing principles would prevent Matthews from seeking prospective relief because even a past wrong does not provide standing to seek forward-looking remedies. Unless the plaintiff is "presently suffering or likely to suffer future injury from the defendant's conduct," a previous injury **"does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."** Watley v. Pennsylvania, No. 21-2274, 2022 WL 9721966, at *3 (3d Cir. Oct. 17, 2022)(*cleaned up, ultimately quoting* City of Los Angeles v. Lyons, 461 U.S. 95, 105 and 102 (1983).

    Because amendment is futile, the complaint is dismissed without leave to amend. The Clerk shall mark this matter closed.

DATE: October 11, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Jamar Matthews MB-2588
    S.C.I. Laurel Highlands
    5706 Glades Pike
    Somerset, PA 15501