IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAR MATTHEWS,                              :
           Plaintiff                      :
      v.                                 : Case No. 3:23-cv-147-KAP
SERGEANT GOOD, *et al.*,                     :
          Defendants                    :

Memorandum Order

Last month, I dismissed Jamar Matthews' complaint in this matter alleging that his civil rights were violated by defendant Sergeant Good's destruction of a pair of sneakers that Matthews had bought in the commissary, when Good shipped home other property of Matthews in January 2022. (I misdated the event in my memorandum as taking place in April 2023, which was the date when a subsequent pair of Matthews' used sneakers was shipped home successfully). I did so because I read the complaint as alleging an unauthorized destruction of property. After Hudson v. Palmer, 468 U.S. 517, 533 (1984) there is no federal cause of action for such destruction when a post-deprivation remedy exists, and DC-ADM 804 provides such a remedy, one that Matthews used.  I also found the complaint could not be prosecuted *in forma pauperis* following the doctrine of Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995), *see also* Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004) because the value of the sneakers was trivial in comparison with litigation costs and Matthews had no conceivable claims for any remedy beyond the value of the used sneakers.

Matthews filed a motion for reconsideration, appropriately considered as a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59. A motion under Fed.R.Civ.P. 59 is properly used to alert the court to an intervening change in controlling law or new relevant evidence, or to prevent a clear error of law or manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir.2013); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999).

Although he does not cite Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), Matthews is essentially arguing that case, and not Hudson v. Palmer, controls. He argues that his complaint alleges that Sergeant Good destroyed his sneakers in accordance with an official policy. More precisely, Matthews argues his sneakers were destroyed as a result of what Matthews characterizes as two contradictory policy that permits excess personal property (his sneakers) to be "shipped out at the inmate's expense **or** destroyed" (DC-ADM 815, my emphasis) but prohibits items bought in the commissary (his sneakers) "from being sent out of the facility, **except** upon release." (DC-ADM 815, my emphasis). and prohibits them from being shipped home.  Matthews argues: "The vagueness in the

policy is how Sgt. Good was able to first agree to send the property to plaintiff's home under ADM—3 #12, and then use his discretion [,] change his mind and destroy the property with ADM-815-sec.2.(a)(c)." Claiming that defendant Good made a decision not commanded by a policy, but rather because -according to Matthews- the policy is ambiguous is an allegation of a claim governed by Hudson v. Palmer.

But even if Matthews alleged Good's destruction of his sneakers was per policy and resulted from the decisionmaking process that Matthews describes, he would have no claim because there would be nothing problematic about such a policy. In Logan v. Zimmerman Brush Co., *supra*, 455 U.S. at 436, the Supreme Court made it clear that where an unconstitutional state law or policy was the cause of the deprivation of a property interest, the deprivation was not unauthorized or random and a post-deprivation remedy was not adequate because "it is the state system itself that destroys a complainant's property interest, by operation of law." In Zinermon v. Burch, 494 U.S. 113, 132 (1990), the Supreme Court summarized the rule as follows:

> In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking.

The problem for Matthews is that for process to be required there must be some antecedent property interest that is being taken. Matthews alleges no legal taking because his purchase of the sneakers in the commissary does not give him an unfettered substantive right to possess, use, or dispose of them as he chooses. He cannot barter with them, use them to assault a corrections officer, or ship them outside the prison. All three are equally substantive restrictions.

The existence of one or more Department of Corrections policies addressing the subject does not confer a substantive property right requiring a hearing under the Due Process Clause, either. Under Sandin v. Conner, 515 U.S. 472, 477–86, (1995), the Supreme Court instructed lower courts reviewing liberty or property claims to ask whether the prison regulation complained of presents an atypical, significant deprivation in which a State might conceivably create a liberty or property interest. As the Tenth Circuit observed in the course of rejecting an argument that prison regulations about the type and quantity of individual possession inmates could have in their cells created a property interest for the inmates, such a conclusion would have the undesirable effects of creating disincentives for states to codify prison management procedures and entangle federal courts in the day-to-day management of prisons. Cosco v. Uphoff, 195 F.3d 1221, 1223–24 (10th Cir. 1999). That reasoning apples as much to property disposition as it does to acquisition or possession: federal courts are not small claims courts for state and local prison systems.

The Seventh Circuit approached the matter slightly differently, explaining that the "central question" is whether the Department of Corrections policy being challenged gives rise to a type of deprivation that might be prevented by some pre-deprivation process. Tenny v. Blagojevich, 659 F.3d 578, 582 (7th Cir. 2011). The interesting issue Tenny v. Blagojevich presented was whether the Illinois Department of Corrections' excessive markup of commissary prices, acknowledged to be illegal under state law, violated any federal right of inmates. The Seventh Circuit said that a pre-deprivation hearing was not required because it would be meaningless: the controversy was over what was done, not about the procedures followed to do it. Id., 659 F.3d at 583. In such cases, the inmate is limited to post-deprivation remedies. Because Matthews had such remedies, he too is limited to them and has no federal claim.

Matthews cannot stop the Department of Corrections from enforcing its substantive rules on the disposition of an inmate's sneakers, any more than Matthews' receipt of money as a gift from someone outside the prison would allow him to stop deductions under Act 84 or the payment of filing fees under the Prison Litigation Reform Act if Matthews stated that he wishes to transfer that money to a third person outside the prison. Nor does the Due Process Clause require the Department of Corrections to hold a hearing before destroying an inmate's surplus sneakers any more than it requires a monthly hearing before the prison account officer makes Act 84 deductions or sends an installment payment to the Clerk. The acquisition of property is not always free of restrictions on its use or disposition, and in prison the norm is to the contrary.

The substantive policy that Matthews would like to challenge is that sneakers or anything else bought in the commissary cannot be shipped out of prison. This policy presents no constitutional issue, nor requires any type of pre-deprivation hearing to enforce, any more than would a policy that medication dispensed in the medical department cannot be shipped out of the prison, or that food served in the dining hall cannot be shipped out of the prison. Matthews has no property interest in unfettered disposition of sneakers bought in the commissary that he can be deprived of. The interest of the Department of Corrections in limiting smuggling in or out of prison, not to mention its interest in stocking its commissary solely for the use of inmates while they are in prison, are interests rationally related to a rule prohibiting shipping out items bought in the commissary. If the policy is not perfectly drafted to eliminate arguments about its conflict with other policies, or if it is not perfectly administered (as Matthews perhaps contends by citing the successful shipment home of his sneakers in 2023) that does not give Matthews a federal claim.

DATE:  November 4, 2024    _____

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Jamar Matthews MB-2588
S.C.I. Laurel Highlands
5706 Glades Pike
Somerset, PA 15501